IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREW GERALD MILLAS,            )
                                 )
       Petitioner,               )
                                 )
vs.                              )      Case No. 26-cv-305-DWD
                                 )
J. WADAS,                        )
                                 )
       Respondent.               )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court on petitioner Andrew Gerald Millas' petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institution in Marion, Illinois, and is challenging restrictions to his phone privileges.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases like the one at bar.

## DISCUSSION

A federal prisoner may file a petition under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement. *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Habeas

corpus is not, however, the proper vehicle to challenge conditions of confinement. *Robinson v. Sherrod*, 631 F.3d 839, 840 (7th Cir. 2011); *Graham v. Broglin*, 922 F.2d 379, 380–81 (7th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

Here, Petitioner does not challenge the administration of his sentence or a particular disciplinary proceeding that affected the execution of his sentence. Instead, he challenges a telephone restriction imposed on his mother's phone number (and related facility-wide email blocks) after he allegedly directed her to post his writings online. He contends the restriction was an extra-judicial action imposed without due process and in violation of his First, Eighth, and Fourteenth Amendment rights. He further alleges that he was improperly held in the Special Housing Unit for 58 days during the ensuing investigation.

These claims concern the conditions (rather than the fact or duration) of his confinement and are not properly brought in a petition under 28 U.S.C. § 2241. *See Preiser v. Rodriguez,* 411 U.S. 475, 487, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Robinson v. Sherrod,* 631 F.3d 839, 841 (7th Cir. Cir. 2011); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *Saunders v. Emmerich*, No. 25-CV-69-WMC, 2026 WL 674382, at *3 (W.D. Wis. Mar. 10, 2026) ("To the extent [petitioner] challenges the loss of phone, commissary, and visitation privileges for ninety days, these allegations do not implicate a liberty interest or state a claim upon which habeas corpus relief may be granted."). Rather, challenges to a prisoner's conditions of confinement must be brought in a civil rights action. *Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005).

Accordingly, the petition is **DISMISSED** without prejudice for failure to state a claim cognizable under 28 U.S.C. § 2241.

<u>**CONCLUSION**</u>

It is therefore **ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition for writ of habeas corpus is **DENIED** and the action is **DISMISSED** without prejudice. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

Dated: April 10, 2026

<u>s/*David W. Dugan*</u>
DAVID W. DUGAN
United States District Judge